Robert C Weems (SBN 148156)
WEEMS LAW OFFICES
526 3rd St., Ste. A-2
San Rafael, CA 94901
Ph: 415.881.7653
Fx: 866.610.1430
Email: rcweems@weemslawoffices.com

Attorney for Plaintiff,
Jersey Joe Breedlove-O'Neal II

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jersey Joe Breedlove-O'Neal II,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security,<br><br>    Defendant. | No 2:20-cv-2117 DB<br><br>STIPULATION AND ORDER RE ATTORNEY FEES |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses in the amount of Two Thousand Nine Hundred Twenty-Four Dollars and Ninety-Six Cents ($2,924.96) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920, 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to his counsel. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's claim for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or counsel, including counsel's firm, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of counsel and/or counsel's firm to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

| WEEMS LAW OFFICES | PHILLIP A. TALBERT |
| --- | --- |
| | United States Attorney |
| | MATTHEW W. PILE |
| | Associate General Council |
| | Office of Program Litigation, Office 7 |
| | Social Security Administration |
| | ELLINOR R. CODER |
| | Special Assistant United States Attorney |
| | |
| */s/Robert C. Weems*   By: | */s/ Ellinor R. Coder* |
| ROBERT C. WEEMS, | Ellinor R. Coder |
| Attorney for Plaintiff | Sp. Asst. U.S. Attorney, |
| Jersey Joe Breedlove-O'Neal II | Attorney for Defendant |
| | (per email authorization 10/28/22) |

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

DATED: December 1, 2022        /s/ DEBORAH BARNES
                               UNITED STATES MAGISTRATE JUDGE